thousand five hundred and fifty-five dollars and fifty cents, and against both defendants for his costs and disbursements in this suit. REVERSED.

---

[Argued April 4; decided April 10, 1893.]

## WHEELER v. CRAGIN.

1. SERVICE OF NOTICE OF APPEAL.— The notice of appeal required by section 537 of Hill's Code should be served on the attorney of the respondent, if such attorney reside in the county where the case is pending: Code, § 531.

2. SERVICE OF NOTICE OF APPEAL BY ATTORNEY.— The notice of appeal required by section 537 of Hill's Code may be served by the appellant's attorney under the terms of Hill's Code, § 527.

APPEAL from Marion.

In perfecting the appeal herein the notice of appeal was served by the attorney for appellant by leaving a copy at the office of respondent's attorney in Marion County as provided by subdivision 1 of section 527, Hill's Code. Respondent now moves to dismiss the appeal because the notice of appeal was not served on the respondents personally, and because said notice was not served by a sheriff, by a deputy sheriff, or by a person specially appointed by the sheriff, or by a person specially appointed by the judge of the court where the action was pending: Code, § 54.

*Wm. M. Kaiser,* for the motion.

This court has practically decided this motion in the case of *Williams* v. *Schmidt,* 14 Or. 470. But the statute, section 527, provides that the "proof of service shall be the same as proof of service of a summons," and the only persons who can serve a summons are those designated

in section 54. An attorney is not one of the persons so designated, and it seems to necessarily follow that the notice in this case has never been legally served.

*Robert G. Morrow, contra.*

1. The question here raised has been entirely settled by the case of *Butler* v. *Smith*, 20 Or. 129, to the effect that the notice of appeal may be served on either the respondent or his attorney, when either resides in the county where the action is pending. It is true that section 537 provides that the notice shall "be served on the adverse party," but this must be considered in connection with section 531, which requires all papers to be served on the attorney of record in the cause.

2. To the second ground of the motion it may be answered that the classes who may serve a notice of appeal are designated in section 527, viz., "by any person other than the party himself." Whoever serves the notice must make proof of his act in one of the two ways laid down in section 61, but the persons who may make the proof are designated by section 527, and not, as respondent contends, by section 54. The service was made by some person other than a party, (viz., his attorney,) and the proof was properly made by affidavit, as required by section 61.

PER CURIAM.

The service of the notice of appeal having been made on respondent's attorneys residing in the county where the cause was pending, is sufficient.

We are further of opinion that a notice of appeal may be served by appellant's attorney.